## MATLACK v. DEAL.

### May 14, 1836.

*Rule to show cause why proceedings on a scire facias on a mechanic's claim should not be stayed.*

Where during the pendency of a *scire facias* on a mechanic's claim for work or materials which has been arbitrated, and there is an appeal from the award, the property has been sold on an older lien, and the proceeds have been absorbed by prior lien creditors, further proceedings will be stayed on the *scire facias.*

In such case the court cannot aid either party in recovering costs on the *scire facias,* by permitting him to go on to trial.

THIS was a *scire facias* upon a mechanic's claim filed as a lien upon a particular building. The plaintiff obtained an award of arbitrators in his favour. The defendant appealed. Before the issue could be disposed of in court, the property was sold by virtue of an execution upon an older lien. The proceeds of sale, after being brought into court, had been entirely absorbed by lien creditors prior in right to the present plaintiff. These matters appeared by the report of the auditor appointed to distribute the fund, the confirmation by the court of said report, and the distribution made in pursuance thereof.

Upon filing in this cause a suggestion of these facts, the plaintiff obtained a rule to show cause why further proceedings should not be stayed.

[Matlack v. Deal.]

The defendant's counsel, admitting the truth of the matters suggested, objected to the stay of proceedings upon the ground that unless the case goes to a jury, the defendant has no opportunity to try his claim to recover back the costs paid by him on the appeal.

*Meredith*, for the plaintiff.
*I. Norris*, for the defendant.

The opinion of the Court was delivered by

PETTIT, *President*.—The act of the 17th of March 1806, under which the claim was filed, creates a lien upon the particular building ; and the act of the 28th of March 1808, authorizing the person having a claim filed to proceed at his election either by personal action or by *scire facias*, provides, that no judgment rendered in any such *scire facias* shall warrant the issuing an execution, except against the building upon which the lien existed.

The property here has been disposed of by operation of law, without any default on the part of the plaintiff. Should he obtain a judgment on a verdict, he would be unable to get execution, nor could the court aid him in recovering the costs accruing subsequent to the appeal. As to any possible advantage then to the plaintiff, further proceedings would be altogether nugatory. On the other hand, by requiring the plaintiff to go to trial, the mere opportunity is afforded to the defendant of endeavouring to procure such a verdict as will entitle him to the aid of the court in recovering the costs paid on the appeal, and the subsequent costs. But there is no reciprocity even as to the question of costs. Upon the grounds of public convenience, the time of the court and a jury ought not to be occupied by the trial of an issue whose direct and appropriate object has been legitimately defeated. The issue was not intended to try the mere collateral and minor question now proposed, much less was it framed for the exclusive benefit of only one of the parties. Were the court at liberty to weigh the conflicting equities, it would be manifest that there would be much more of hardship upon a plaintiff in compelling him to prepare for and go through a trial in such a case, than upon a defendant in staying the proceedings. So far as the plaintiff advanced he was sustained by the proper tribunal, and he is obliged to lose the security to which he had trusted. The defendant's right to appeal rested upon the payment of costs as a condition. The due course of the law, and not the act of the plain-

tiff, has rendered the appeal abortive. When the costs were paid, there was a legal adjudication in regard to them. An appeal as to them was but incidental. It must share the fate of the principal subject upon which it was dependent.

Rule absolute.